**In re William V. STROH, Debtor.**

**The METROPOLITAN BANK OF LIMA, OHIO, Plaintiff,**

**v.**

**William V. STROH, et al., Defendants.**

**Bankruptcy No. 82–02113.
Adv. No. 82–1053.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 24, 1984.

See also, Bkrtcy., 38 B.R. 95.

D. Michael Crites, Lima, Ohio, for plaintiff.

Thomas H. Katterheinrich, St. Marys, Ohio, for defendants Ralph, Barbara, Harold and Vernon Stroh.

Timothy C. Hamman, Lima, Ohio, for defendants Richard and Juanita Kupper.

Barrett Kemp, Kemp & Huber, St. Marys, Ohio, for debtor/defendant.

Ronald H. Miller, Wapakoneta, Ohio, for defendants, Walter Findlay, Delores Katterhenry and Alvina T. Baumer.

Quentin M. Derryberry, II, Wapakoneta, Ohio, Trustee/defendant.

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

OPINION AND ORDER

This matter is before the Court upon the motion of the Plaintiff, The Metropolitan Bank of Lima, Ohio, for summary judgment against the Defendant/Trustee, Quentin M. Derryberry, II, for turnover of

the proceeds of sale of certain growing crops, and upon the trustee's cross motion for summary judgment of dismissal of plaintiff's complaint.

The trustee contends that plaintiff's security interest in crops was not perfected due to a failure to recite certain language on the financing statement as required by O.R.C. § 1309.39(E) and an inadequate description of the real estate where the crops were located. Both parties claim they are entitled to the proceeds from the sale of those crops approximating $125,000. The Court finds it unnecessary to rule on the sufficiency of the real estate description because the omission of the statement "must be filed in the real estate records" as required by O.R.C. § 1309.39(E) and the non tender of filing fees are fatal to plaintiff's claim, thus its motion for summary judgment must be denied. There being no genuine issue of material fact the trustee is entitled to judgment as a matter of law.

## FACTUAL BACKGROUND

On February 23, 1982, The Metropolitan Bank of Lima, Ohio filed in the Auglaize County Recorders Office a UCC financing statement covering farm machinery and equipment, inventory and all growing crops now owned and hereafter acquired by William V. Stroh and Susan K. Stroh. The financing statement did not contain the statutorily required (O.R.C. § 1309.39(E)) instructions to file it in the real estate records nor did it include the necessary fee for filing in the real estate records. The financing statement was abstracted with the UCC financing statements by the Auglaize County Recorder but not in the real estate records.

On October 1, 1982 William V. Stroh filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Western Division. The growing crops were converted into cash by the trustee with the approval of the bank. The bank requested that the trustee turn over the proceeds of the growing crops but the trustee refused to do so. The trustee asserts that the bank's lien on the growing crops and proceeds was not properly perfected pursuant to O.R.C. § 1309.39(E) and that the trustee's lien therefore takes priority under 11 U.S.C. § 544.

## DISCUSSION

The plaintiff admits that it did not tender the proper filing fee. Instead the bank contends that it met the requirements for a proper filing because the statement was accepted by the filing officer as provided for by O.R.C. § 1309.40(A) which states "presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under sections 1309.01 to 1309.50 of the Revised Code." Acceptance in this case according to the bank being the absence of "any party ever (having been) advised that the financing statement in question had been rejected or denied filing for whatever reason whatsoever." (Plaintiff's motion for summary judgment pg. 3) The financing statement was accepted and filed in the UCC financing records but it was not filed in the real estate records. Under the present circumstances the bank could not have had any reasonable expectation that the clerk would file the statement in the real estate records.

It is interesting to note that in its briefs and motions to this Court the plaintiff has argued that the Code does not require a financing statement to be filed in the real estate records. The bank also contends it is not necessary for it to recite language on the statement that would insure it was filed in the real estate records. Yet plaintiff does say an independent duty to file such statements in the real estate records is imposed on the filing clerk by 1309.40(D) which states:

In addition to the indexing required in the previous sentence, statements covering crops growing or to be grown or timber to be cut or minerals or the like, including oil and gas, or accounts subject to division (E) of section 1309.03 of the Revised Code, or a financing statement

filed as a fixture filing pursuant to section 1309.32 of the Revised Code shall also be indexed in the real estate mortgage records by the filing officer according to the name of the debtor or, if the financing statement shows the record owner or record lessee to be other than the debtor, then according to the name of the record owner or record lessee given the statement.

However the Ohio State Legislature made it abundantly clear that § 1309.40(D) does not stand alone by also enacting § 1309.39(A), (C), & (E). Division (A) says in part that when the financing statement covers crops it *must* also comply with Division (E) which states that a financing statement covering crops *must* recite that it is to be filed in the real estate records. To further simplify matters for a creditor and to insure that a proper financing statement is filed, the legislature provided Division (C) which is a clear and concise form to follow to comply with Division (A). Division (C) includes the language "and this financing statement is to be filed for record in the real estate records." Also an extra fee is required for filing in the real estate records which provides additional notice to the clerk as to where the statement is to be filed. It is only after all of the aforementioned requirements which are unambiguously spelled out in the Code have been complied with, that the duty imposed by § 1309.40(D) upon the filing officer takes effect. The plaintiff in this case having never given the necessary instructions to file in the real estate records nor tendered the proper fee for a real estate filing cannot now claim that it reasonably expected the filing officer to file the statements in the real estate records.

Plaintiff also asserts that the Ohio Revised Code does not require that a financing statement for a security interest in crops be filed in the real estate records. The bank bases its argument on language found in comment 1 of the official comments to § 1309.39 and similar language in comment 3 of the official comments to § 1309.38 which state

Neither this filing for crops in the county where the land is nor the requirements that the security agreement (RC § 1309.-14(A)(1) [UCC 9–203(1)(a)]) and the financing statement (RC § 1309.39(A) and (C) [UCC 9–402(1) and (3)]) contain a description of the real estate point to the conclusion that a financing statement for a security interest in crops must be filed in the real estate records. This Chapter follows pre-UCC law which recognized such a financing as a chattel mortgage.

It is true that the Uniform Commercial Code from which Ohio's statutes and comments are modeled does not require that crop filings be placed in the real estate records. This decision was left to the states and Ohio chose to make it mandatory.

By enacting O.R.C. § 1309.39(C) which states "The above crops are growing or are to be grown on: (Describe real estate), this financing statement is to be filed for record in the real estate records." and Division (E) which states "A financing statement covering crops ... must recite that that it is to be filed for record in the real estate records", the Ohio Legislature has made it clear that it expects the average person with an interest in real estate to search for information in the real estate records. Paragraph 4 of the reasons for the 1972 change to Model Act § 1309.38 (Official Comment) states the policy behind the change in procedure and illustrates the link between the appropriate statutes as follows:

This filing is not merely in the *office* where a mortgage of real estate would be recorded, but is intended that it be filed *in the real estate records.* This is made clear by the model form in RC § 1309.39(C) [UCC 9–402(3)] which recites that the financing statement is to be filed for record in the real estate records, the required recital in RC § 1309.39(E) [UCC 9–402(5)], and the provision of RC § 1309.40(D) [UCC 9–

403(7)] requiring the indexing thereof in the real estate records. Thus, it is intended that these filings will be readily disclosed on any real estate search and they can be treated like any real estate encumbrance so disclosed.

The legislature has made the burden upon the creditor minimal by providing a clear and concise form at § 1309.39(C). Because the statute is clear and the burden slight these requirements cannot be eliminated or diluted and still accomplish the goal of the legislature which is to provide notice in the place where someone with an interest in real estate is most likely to look. Consequently the bank's argument that the substantial compliance standard codified in § 1309.39(H) should apply falls short, because it did not follow enough of the most elementary requirements to get the statement in the real estate records. This error was not the result of a failed attempt to comply with the required recitation but rather of no attempt to comply at all.

Therefore the Court finds that the absence of the statutorily required instructions of § 1309.39 and the failure to tender filing fees resulting in the financing statement not being filed in the real estate records was fatal to the perfection of the plaintiff's security interest.

In light of the foregoing, it is hereby,

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, denied. It is further,

ORDERED that defendant/trustee's motion for summary judgment be, and it hereby is, granted. It is further,

ORDERED that plaintiff's complaint be, and it hereby is, dismissed with prejudice. It is further,

ORDERED that a pre-trial conference be held upon the cross-claims and answers of other defendants herein on Thursday, November 15, 1984 at 11:45 o'clock A.M., Courtroom No. 1, Room 103, United States Court House, 1716 Spielbusch Avenue, Toledo, Ohio.